# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| HAPPY JOHNSON | ) |
| | ) |
| Plaintiff, | ) Civil Action File No. |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| SPALDING COUNTY | ) |
| CORRECTIONAL INSTITUTE, | ) |
| SPALDING COUNTY, and | ) |
| SHERIFF DARRELL DIX, in his | ) |
| Official Capacity, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Happy Johnson ("Plaintiff" or "Ms. Johnson") files this Complaint for Equitable Relief and Damages against Spalding County Correctional Institute; Spalding County; and Sheriff Darrell Dix, in his official capacity ("Defendants") showing the Court the following:

### INTRODUCTION

1. This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* ("Section 504"); and Title VII, 42 U.S.C.

1

§ 2000e *et seq.*, to correct unlawful employment practices on the basis of gender and disability by association, to vindicate Plaintiff Johnson's rights and to make her whole. Ms. Johnson seeks injunctive and declaratory relief, back pay, reinstatement or front pay, and lost benefits, compensatory damages, and attorney's fees and costs of litigation.

2. Ms. Johnson brings this action because under the ADA and Section 504, as she was discriminated against based on her husband's disability. Ms. Johnson also asserts a gender discrimination claim under Title VII as she was passed over for promotion based on her gender.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4. Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendants conduct business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Ms. Johnson filed a charge of discrimination with the Equal Employment Opportunity Commission on June 23, 2021, within 180 days of the occurrence of the acts of which she complains.

6. On August 8, 2022, the EEOC issued a Notice of Right to Sue from the EEOC relating to her charge of discrimination, charge number 410-2021-05298.

7. Ms. Johnson brings this suit within ninety (90) days of the receipt of her Notice of Right to Sue.

### THE PARTIES

8. Ms. Johnson is a citizen of the United States and a resident of the State of Georgia. Ms. Johnson submits herself to the jurisdiction of this Court.

9. Ms. Johnson is a woman.

10. Ms. Johnson, at all times relevant hereto, was married to an individual with a disability as that term is defined by 42 U.S.C. § 12102(1).

11. Defendants are employers engaged in commerce or in an industry affecting commerce within the meaning of the ADA and/or the Rehabilitation Act and Title VII and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

12. Defendants may be served with summons and a copy of the Complaint in this action by delivering process to Darrell Dix, Spalding County Sheriff, 401 Justice Boulevard, Griffin, Georgia 30224.

## STATEMENT OF FACTS

13. Ms. Johnson serves at the Chief Counselor at the Spalding County Correctional Institute where she has worked for 27 years.

14. Ms. Johnson has applied for Deputy Warden positions over the last several years to be passed over every time. Most recently, the SCCI Warden, Carl Humphrey, selected a man for the Deputy Warden position in April 2021.

15. Mr. Humphrey's selection has only worked for Spalding County since November 2020, and before the promotion reported to Ms. Johnson.

16. All four people hired or promoted by Carl Humphrey for upper management positions within the Correctional Institute have been men.

17. Ms. Johnson's husband underwent cancer treatment from December 9, 2016 to June 9, 2021 when he died.

18. During his treatment, Ms. Johnson assisted him in the hospital and at home. She had to take certain days off, which were approved. Nevertheless, Ms. Johnson was not promoted to Deputy Warden in the midst of her husband's treatment for cancer.

19. Upon information and belief, Ms. Johnson was not considered for the position because of Humphrey's impression that she was out too much taking care of her husband.

## COUNT I
## <u>Violation of ADA – Actual Discrimination by Association</u>

20. At all times relevant hereto, Defendants have been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

21. At all times relevant hereto, Ms. Johnson was married to an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A).

22. Defendants were aware of Ms. Johnson's husband's cancer diagnosis, which constituted a disability.

23. At all times relevant hereto, Ms. Johnson has been a qualified individual married to a person with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of the job she applied to obtain.

24. Defendants' actions are a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability by association.

25. As a direct and proximate result of Defendants' intentional discrimination, Ms. Johnson has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of salary, performance incentives, deferred compensation, and other job-related benefits, including social security, life insurance, health care insurance, all in

an amount to be established at trial.

26. Defendants' actions have caused, continue to cause, and will cause Ms. Johnson to suffer damages for garden variety emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT II
### Violation of the Rehabilitation Act – Actual Discrimination by Association

27. At all times relevant hereto, Defendants have been subject to the requirements of Section 504 of the Rehabilitation Act as amended by the ADAAA.

28. At all times relevant hereto, Ms. Johnson was married to an individual with a disability as defined by the Rehabilitation Act and able to perform the essential functions of the job she applied to obtain.

29. Defendants failed to promote Ms. Johnson because of her husband's disability.

30. Defendants' actions are violations of Section 504 of the Rehabilitation Act, which prohibits discrimination on the basis of disability by association.

31. As a direct and proximate result of Defendants' intentional discrimination, Ms. Johnson has suffered out of pocket losses and has been

deprived of job-related economic benefits, including income in the form of salary, performance incentives, deferred compensation, and other job-related benefits, including social security, life insurance, health care insurance, all in an amount to be established at trial.

32. Defendants' actions have caused, continue to cause, and will cause Ms. Johnson to suffer damages for garden variety emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT III
### Gender Discrimination in Violation of Title VII

33. Plaintiff is an "employee" as defined by Title VII, 42 § U.S.C. § 2000e et seq.

34. Defendants are "employers" as defined by Title VII, 42 U.S.C. § 2000e et seq.

35. Defendants discriminated against Plaintiff because of her gender by failing to promote her to the position of Deputy Warden and filling the role with a less qualified man.

36. Defendants' discriminatory treatment of Plaintiff violates Title VII and entitles Plaintiff to all appropriate relief provided under the statute.

37. Defendants' actions were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard of the

harm caused to Plaintiff and were in derogation of her federally protected rights.

38.  As a result of Defendants' conduct, Plaintiff has suffered lost wages and benefits and has suffered mental and emotional distress.

39.  Plaintiff was damaged by Defendants' actions in an amount to be proven at trial.

40.  Plaintiff is entitled to the relief set forth in the prayer for relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

(a)  Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated Ms. Johnson's rights as secured under the ADA, the Rehabilitation Act, and Title VII;

(b)  Grant to Ms. Johnson judgment in her favor and against Defendants under all counts of this Complaint;

(c)  Order Defendants to make Ms. Johnson whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation salary, performance incentives, deferred compensation, and other job related

benefits, including social security, life insurance, health care insurance, denied or lost as a result of Defendants' unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(d) Order that Ms. Johnson be awarded front pay or that Defendants reinstate her;

(e) Order Defendants to compensate Ms. Johnson for mental and emotional damages suffered as a result of Defendants' unlawful and discriminatory acts;

(f) Grant to Ms. Johnson a jury trial on all issues so triable;

(g) Grant to Ms. Johnson her reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action; and

(h) Grant such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted on this 7th day of November 2022.

LEGARE, ATTWOOD & WOLFE, LLC

*s/ Eleanor M. Attwood*
Eleanor Mixon Attwood
Georgia Bar No. 514014
emattwood@law-llc.com

Decatur Town Center Two
125 Clairemont Avenue, Suite 380
Decatur, GA 30030

Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Counsel for Plaintiff