IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| HAPPY JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>SPALDING COUNTY, GEORGIA,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 3:22-cv-182-TCB |

**O R D E R**

This case comes before the Court on Chief Magistrate Judge's Russell G. Vineyard's final report and recommendation [55] ("the R&R"), which recommends that Defendant Spalding County, Georgia's motion [46] for summary judgment be granted. Plaintiff Happy Johnson has filed objections [62] to the R&R.

I. **Background**

Johnson brings this action against Spalding County, alleging claims of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and

associational discrimination in violation of the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§ 12101 *et seq.*

Johnson's claims stem from her allegation that she was passed over for a promotion to Deputy Warden of the Spalding County Correctional Institute based on her gender and her husband's illness. She contends that she was more qualified for the position than Eric Sellers, the person who was promoted instead of her.

Johnson's objections are threefold. She contends that the magistrate judge (1) refused to consider direct evidence of discrimination by throwing it out, (2) misapplied legal concepts to dismiss much of the remaining evidence's import, and (3) impermissibly weighed the credibility of any remaining evidence.

## II. Legal Standard

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to

the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This standard of review differs from appellate review where findings of fact and conclusions of law are analyzed under different standards. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate judge's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

### III. Discussion

### A.  Direct Evidence of Discrimination

First, Johnson objects to what she contends is the R&R's erroneous refusal to consider direct evidence of Warden Carl Humphrey's discrimination toward her based on her gender and her husband's illness and stated intent to deny Johnson the promotion based on those traits. Specifically, she relies upon the testimony of Joni Adams, the former administrative assistant to former Deputy Warden Beth Griffin, that Humphrey told his own administrative assistant (Angie Perdue) that he wanted to hire a man and that he was not considering Johnson because of her husband's cancer.

However, as Spalding points out, the R&R correctly declined to consider this testimony because it constitutes inadmissible double hearsay: what Adams contends that Perdue told her Humphrey said. And Johnson provides no viable exception or exclusion for what Perdue supposedly told Adams. Although Johnson contends that Perdue *might* testify that Humphrey made the statements at issue, a suggestion that admissible evidence might be found in the future does not suffice to

4

defeat a motion for summary judgment. *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996).

And Johnson's contention that Perdue may be an agent of the county—making her alleged statement an admission of a party opponent—fares no better. Even the cases upon which she relies hold that for this exception to apply, a statement must be made within the scope of the agent's employment, which means that the speaker was involved in the decision. *See, e.g.*, *Taylor v. Battelle Columbus Labs.*, 680 F. Supp. 1165, 1171 (S.D. Ohio 1988). Johnson has not established that Perdue—an administrative assistant—was involved in the decision to promote Sellers instead of her.

Johnson's objection to the R&R declining to consider Adams's declaration will be overruled.

B.  **Application of Legal Concepts**

Johnson next objects to the way the R&R applied legal concepts, contending that she has presented a convincing mosaic of discrimination and, alternatively, has satisfied the *McDonnell-Douglas* framework. She also contends that the R&R improperly weighed evidence.

The R&R concluded that Johnson could state a *prima facie* case of discrimination but failed to show that Spalding's non-discriminatory reasons for promoting Sellers were pretext for discrimination. To the extent that Johnson's objections pertain to her contention that she has stated a *prima facie* case, they will be overruled.

Johnson's specific objections fare no better. She points to the following: (1) Humphrey's alleged discriminatory comments; (2) Sellers's and Johnson's respective performances; (3) Humphrey's purported failure to follow protocols by not calling Sellers's prior employers; (4) Humphrey's supposedly accepting a knowingly flawed recommendation of the panel; and (5) Humphrey's commencing Sellers's promotion during the call that Granger overheard.

The first argument relies upon the declaration of Griffin, particularly his testimony that Humphrey said that they needed to "lay off on" Johnson "because she has too much going on with her husband being so sick." Johnson argues that Griffin's declaration constitutes circumstantial evidence of Humphrey's discriminatory intent and contends that the R&R inappropriately labeled Humphrey's comment as a stray remark. However, she does not rebut the R&R's conclusion

that she nonetheless fails to provide evidence that Humphrey made the alleged comments to the interview panel, that the panel knew of Johnson's husband's illness, or that the panel knew that Humphrey allegedly intended to promote Sellers over Johnson based on some discriminatory animus. Further, the Court agrees with the R&R that the comment "is not probative . . . because the substance of the statement is not explicitly about Johnson's husband's disability as a disqualification for the job for which she later applied nor was it made contemporaneous with or in reference to the . . . decision." [55] at 44. This objection will be overruled.

Johnson also contends that she was more qualified for the position than Sellers. This, however, is not enough. Instead, to prevail Johnson would have to show that she was so clearly more qualified than Sellers that his promotion over her can be explained by nothing other than discriminatory animus. *See, e.g.*, *Rogers-Libert v. Miami-Dade Cnty.*, 184 F. Supp. 2d 1273, 1280 (S.D. Fla. 2001). This, Johnson fails to do. Her argument that the magistrate judge ignored their respective performances similarly fails: the magistrate judge considered the evidence of their performance histories and concluded—particularly

considering the fact that Johnson herself is the one who gave Sellers his performance rating—that the histories did not adequately support Johnson's position. This objection will be overruled.

Similarly, Johnson contends that the magistrate judge failed to consider purported misrepresentations and discrepancies in Sellers's job applications. However, the magistrate judge considered and rejected Johnson's position on this argument. Indeed, as the R&R points out, Humphrey was unaware of any discrepancies at the time of the relevant decision. And contrary to Johnson's argument about Humphrey's traditional practice, Humphrey testifies that he sometimes—not always—contacts an applicant's prior employers, and Humphrey did contact the Commissioner of the Department of Corrections, who indicated that there were no concerns about Sellers.

Johnson also objects to the R&R's conclusion about the objective interview panel, contending that a jury could infer that the panel was merely perfunctory and not the reason for Sellers's promotion. However, the R&R considered this argument and rejected it. The single case Johnson cites to support her argument is inapposite. *See Smith v. City of Mobile*, No. 06-0093-KD-M, 2007 WL 2580516, at *9 (S.D. Ala. Sept.

5, 2007) (involving an ad hoc interview panel where it was not standard practice to use such panels). Here, by contrast, Humphrey followed his standard practice of using an interview panel and hiring the highest-scoring candidate without known disciplinary problems. The sole reason Humphrey did not follow Johnson and Griffin's recommendation is that they recommended a lower-scoring, less-qualified candidate who had not been a counselor.[2]

For the same reasons, Johnson's argument about a convincing mosaic fails. As the R&R recognized, Spalding provides three non-discriminatory reasons for promoting Sellers over Johnson: (1) Sellers is more qualified; (2) Sellers performed better in the interview; and (3) the panel unanimously recommended Sellers. Johnson fails to adequately rebut any of these reasons.

Finally, Johnson objects to what she contends is the magistrate judge's improper treatment of her mixed-motive claim. However, the magistrate judge properly excluded Adams's declaration for the reasons

---

[2] The Court further agrees with the magistrate judge that even if the one criticism of Johnson in the panel created a false impression, Johnson fails to provide evidence that a correction would have resulted in her obtaining the additional points necessary to score higher than both Sellers and the next-highest candidate.

identified above, and without that declaration, Johnson's claim necessarily fails. This objection will be overruled.

## IV. Conclusion

For the foregoing reasons, the Court overrules Johnson's objections [62] and adopts as its order the R&R [55]. Spalding County's motion [46] for summary judgment is granted, and the Clerk is directed to close this case.

IT IS SO ORDERED this 24th day of September, 2024.

_____
Timothy C. Batten, Sr.
Chief United States District Judge